**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:06-cr-00020-IMK-MJA-8)

Submitted: July 31, 2018                           Decided: August 9, 2018

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, Kristen M. Leddy, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Anderson appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment. Anderson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Anderson's sentence is substantively unreasonable. Anderson has filed two pro se briefs arguing that the district court's revocation determination was not supported by the evidence. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review a district court's revocation decision for abuse of discretion and any underlying factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Having carefully reviewed the record in this case, we conclude that the district court did not clearly err in its factual determinations concerning Anderson's violations of his supervised release. We further hold that the decision to revoke Anderson's supervised release was well within the district court's discretion.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for

concluding the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). Applying these standards, we conclude that Anderson's sentence is not unreasonable, much less plainly so.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*